# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **FULL SERVICE SYSTEMS CORPORATION** and **SOUTHERN SERVICE CORPORATION** | § § § § | **PLAINTIFFS** |
| v. | § § | **CIVIL ACTION NO. 1:08CV103-LG-RHW** |
| **INNOVATIVE HOSPITALITY SYSTEMS, LLC OF MISSISSIPPI; INNOVATIVE HOSPITALITY SYSTEMS, LLC OF LOUISIANA; COMPLETE STAFFING SOLUTIONS, LLC; JULIO CASTRO; AMANDA LISOTTA;** and **JOHN DOES 1-10** | § § § § § § § § | **DEFENDANTS** |

## ORDER GRANTING PETITION FOR
## PERMISSION TO APPEAL AND MOTION TO STAY

**BEFORE THE COURT** are the Petition for Permission to Appeal [142] and the Motion to Stay [139] filed by the defendants. The plaintiffs have responded to the Motion, but the defendants did not file a reply. Upon reviewing the submissions of the parties and the applicable law, the Court finds that the defendants should be granted permission to file an interlocutory appeal concerning this Court's determination that the political question doctrine does not bar this lawsuit. The Court further finds that this lawsuit should be stayed pending resolution of the appeal.

### DISCUSSION

The parties to this lawsuit provide commercial cleaning services to casinos, hotels, and other public facilities in Louisiana and Mississippi. The plaintiffs allege that the defendants' misclassification of their employees as independent contractors has caused them to lose contracts, because the defendants are able to underbid the plaintiffs by failing to pay state and

federal payroll taxes and other payroll costs. As a result, the plaintiffs have asserted the following claims against the defendants: tortious interference with business relations, tortious interference with contract, civil conspiracy, and violation of the Louisiana Unfair Trade Practices Act. In a Memorandum Opinion and Order [133] entered on July 2, 2009, this Court held that this case does not present a non-justiciable political question, because the determination regarding whether a worker is an employee or an independent contractor is made on a regular basis by district courts. The defendants seek permission to appeal this decision.

Pursuant to 28 U.S.C. § 1292(b), a district court may certify an order not otherwise appealable where such order (1) involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. As for the first factor, the Court finds that this Court's Order involves a controlling question of law, because, if this Court's decision is reversed, the lawsuit must be dismissed. Therefore, the resolution of this issue is likely to affect the course of this litigation.

As for the second factor, neither the parties nor the Court have located a case from any jurisdiction that addresses the issue of whether a lawsuit of this nature involves a non-justiciable political question, but this Court has located Fifth Circuit decisions that concern a district court's review of a decision by the Internal Revenue Service on this precise issue: whether employees were improperly classified as independent contractors. *See, e.g., Breaux and Daigle, Inc. v. United States*, 900 F.2d 49, 52-53 (5th Cir. 1990); *Lambert's Nursery & Landscaping, Inc. v. United States*, 894 F.2d 154, 156-57 (5th Cir. 1990). Nevertheless, the present case does not merely pertain to the failure to withhold federal taxes, but also to the failure to withhold state

taxes, pay overtime, and withhold other payroll expenses.  Furthermore, there is no evidence before the Court regarding whether the IRS or other agencies have been notified of this issue or have made a formal determination regarding this issue.  As a result, the Court finds that there is a substantial ground for difference of opinion on this issue.

Finally, the Court finds that an immediate appeal may materially advance the ultimate termination of the litigation.  As stated previously, if this Court's decision is reversed, this lawsuit must be dismissed.  Requiring the parties to prepare for and participate in a trial prior to a review of this Court's decision regarding the political question doctrine could result in a waste of judicial resources.  Therefore, the Court finds that the Petition for Permission to Appeal should be granted.  The Court further finds that this lawsuit should be stayed pending resolution of the interlocutory appeal.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Petition for Permission to Appeal [142] and the Motion to Stay [139] filed by the defendants are **GRANTED**.  This lawsuit is stayed pending the outcome of the appeal.

**SO ORDERED AND ADJUDGED** this the 22nd day of September, 2009.

                                          s/ *Louis Guirola, Jr.*
                                          LOUIS GUIROLA, JR.
                                          UNITED STATES DISTRICT JUDGE