# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| FULL SERVICE SYSTEMS CORPORATION and SOUTHERN SERVICE CORPORATION | § § § § | PLAINTIFFS |
| v. | § § | CIVIL ACTION NO. 1:08CV103-LG-RHW |
| INNOVATIVE HOSPITALITY SYSTEMS, LLC OF LOUISIANA; COMPLETE STAFFING SOLUTIONS, LLC; JULIO CASTRO; and JOHN DOES 1-10 | § § § § § | DEFENDANTS |

## ORDER DENYING DEFENDANTS' MOTION IN LIMINE CONCERNING RESPONSES TO PLAINTIFFS' SUBPOENAS

**BEFORE THE COURT** is the Motion in Limine [214] filed by the defendants, seeking to exclude documents and witnesses obtained by the plaintiffs pursuant to subpoenas issued after the March 18, 2010 continuance of the trial of this matter. The plaintiffs have filed a response in opposition to the Motion, and the defendants have filed a reply. Upon reviewing the submissions of the parties and the applicable law, the Court finds that the Motion in Limine should be denied at this time. The defendants will be permitted to raise contemporaneous objections to these documents and witnesses at trial.

### DISCUSSION

This Court granted a continuance to the plaintiffs after the defendants withdrew certain stipulations contained in the initial pretrial order entered in this case. The continuance was granted so that the plaintiffs could conduct discovery concerning the following withdrawn stipulations: (1) the defendants competitively bid against the plaintiffs on janitorial and housekeeping services contracts and/or building maintenance services to hotels, casinos, hospitality industries, and/or public or semi-public facilities in Mississippi and other states; (2)

the defendants competitively bid against plaintiffs on janitorial services contracts between March 2005 and the present; and (3) the defendants were awarded a kitchen janitorial services contract between March 2005 and the present for which both the plaintiffs and the defendants submitted bids. (See Pretrial Order [146] at 5, Nos. 8-10).

The plaintiffs obtained bidding documents from certain hotels and casinos pursuant to subpoenas served after the continuance as well as the names of certain witnesses. They intend to utilize these documents and witnesses at trial in order to establish that the defendants competitively bid against the plaintiffs for contracts and that the defendants were awarded these contracts due to the lower prices included in their bids. The defendants argue that the documents obtained actually demonstrate that the parties were not competing because each subpoena response contains bidding documents provided by only one of the parties. The defendants also argue that the plaintiffs should not be permitted to name new witnesses concerning these issues, since a previous order entered by the Court providing a deadline for naming witnesses has expired. Finally, the defendants argue that competition is no longer an issue since the plaintiffs did not move the former stipulation to the contested facts section of the pretrial order.

The plaintiffs counter that the documents obtained by way of subpoena will demonstrate that the parties were competing, when the documents are admitted along with other documents and witnesses. For example, the plaintiffs argue that the documents obtained by subpoena issued to Delta Downs Racetrack and Casino Hotel show that the plaintiffs placed a bid, while other evidence will demonstrate that the defendants were awarded the contract.

The Court finds that the Motion in Limine should be denied at this time. In the pretrial order, the facts and allegations recited by the plaintiffs concern the plaintiffs' contention that the

parties compete for the contracts at issue, and the defendants have listed the question of whether the parties compete as a contested issue.  Furthermore, the continuance was granted so that the plaintiffs could obtain evidence and locate witnesses concerning the issue of competition, since the defendants had withdrawn stipulations.  The discovery was not limited to documents.  In fact, the text only order concerning the withdrawal of the stipulation mentioned both evidence and witnesses.  Finally, due to the plaintiffs' representation to the Court that the documents obtained by subpoena will assist them in demonstrating competition, the Court will deny the motion in limine at this time.  The defendants will, however, be permitted to raise contemporaneous objections regarding these issues at trial.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion in Limine [214] filed by the defendants is **DENIED**.  The defendants will be permitted to raise contemporaneous objections regarding these issues at trial.

**SO ORDERED AND ADJUDGED** this the 8th day of July, 2010.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge