IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| FULL SERVICE SYSTEMS CORPORATION | § § § | PLAINTIFF |
| v. | § § § | CIVIL ACTION NO. 1:08CV103-LG-RHW |
| INNOVATIVE HOSPITALITY SYSTEMS, LLC OF LOUISIANA | § § | DEFENDANT |

**MEMORANDUM OPINION AND ORDER DISMISSING THE
PLAINTIFF'S DECLARATORY JUDGMENT CLAIM**

**THIS MATTER IS BEFORE THE COURT** for consideration of the declaratory judgment claim filed by the plaintiff, Full Service Systems Corporation. Full Service seeks a declaration that the defendant, Innovative Hospitality Systems, LLC, of Louisiana's "business practice of classifying workers as 'independent contractors' is unlawful and unjustified under the common law determination of whether a worker is an employee." (Am. Compl. at 9). It also seeks a declaration that IHS' failure to pay state and federal payroll taxes, social security taxes, medicare taxes, unemployment taxes, and overtime wages for its workers, as well as its failure to provide workers' compensation insurance coverage, is unlawful and unjustified. (*Id.* at 9-10). IHS has filed a Motion to Strike Full Service's claim for declaratory judgment [265], alleging that Full Service does not have standing to assert the claim, that this Court does not have jurisdiction to consider the claim, that Full Service has waived the claim, and that the relief requested is outside the bounds of the Declaratory Judgment Act. Upon reviewing the pleadings submitted by the parties, the record in this matter, and the applicable law, the Court finds that Full Service's claim for declaratory judgment should be dismissed because Full Service lacks standing to assert the claim. Furthermore, the Court finds that, even if Full Service had standing,

a declaratory judgment should not be granted in this case, because a declaratory judgment concerning past conduct would be ineffective. Furthermore, this Court cannot declare that IHS' future workers will be employees because the determination of whether a person is an independent contractor or an employee is a fact-specific determination that hinges on the way the workers are treated by the company.

### FACTS AND PROCEDURAL HISTORY

Both of the parties to this lawsuit provide commercial cleaning services to casinos and hotels. On March 25, 2008, Full Service filed an Amended Complaint against IHS and others, alleging that IHS' improper classification of its workers as independent contractors has caused Full Service to lose contracts because IHS is able to provide lower bids to hotels and casinos due to its failure to pay federal and state payroll taxes. Full Service originally asserted claims of tortious interference with business relations, tortious interference with contract, civil conspiracy, and violation of the Louisiana Unfair Trade Practices Act (LUTPA). It sought a declaratory judgment, compensatory damages, an injunction, statutory damages, punitive damages, and attorneys' fees. The lawsuit originally concerned Mississippi and Louisiana casinos and hotels, but the parties later settled all claims concerning Mississippi properties. Full Service also agreed to voluntarily dismiss all of its claims except its LUTPA claim, its claim for an injunction, and its claim for declaratory judgment. The case went to trial on July 19, 2010. Because the declaratory judgment claim concerned a question of law, the Court took that claim under advisement and gave the rest of the case to the jury. The jury reached a unanimous verdict on July 23, 2010, providing the following answers to the special interrogatories presented:

1.  Do you find by a preponderance of the evidence that the individual IHS workers at issue in this case are employees and are not independent contractors?

    __X__ Yes      _____ No

    -Note: If you answered "Yes" to Question 1, please proceed to Question 2. If you answered "No," please proceed to the finalization of the verdict.

2.  Do you find by a preponderance of the evidence that the plaintiff and the defendant were competitors?

    __X__ Yes      _____ No

    -Note: If you answered "Yes" to Question 2, please proceed to Question 3. If you answered "No," please proceed to the finalization of the verdict.

3.  Do you find by a preponderance of the evidence that the defendant committed an unfair trade practice as defined in the jury instructions?

    _____ Yes      __X__ No

    -Note: If you answered "Yes" to Question 3, please proceed to Question 4. If you answered "No," please proceed to the finalization of the verdict.

Thus, the jury determined that the IHS employment model was in fact an employer/employee relationship. However, the jury also determined that IHS' conduct did rise to the level of an unfair trade practice under LUTPA. Therefore, it did not reach the question regarding whether Full Service suffered damages.

After the trial, the Court requested briefs from the parties regarding the remaining claim for a declaratory judgment. Each of the parties complied, with IHS filing its brief as a Motion to Strike the request for declaratory relief.

# DISCUSSION

## I. STANDING

The doctrine of standing arises out of Article III, Section 2 of the United States Constitution, which provides that the federal judicial power shall only extend to actual "cases or controversies." *See* U.S. Const. art. III, §2, cl. 1. The elements of standing are: (1) the plaintiff has suffered an injury in fact, (2) that is fairly traceable to the defendant's allegedly unlawful conduct, and (3) is likely to be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *see also Ward v. Santa Fe Indep. Sch. Dist.*, 393 F.3d 599, 606 (5th Cir. 2004). Failure to establish any one of these elements deprives the Court of jurisdiction to hear the lawsuit. *Rivera v. Wyeth-Ayerst Labs.*, 283 F.3d 315, 319 (5th Cir. 2002).

When this Court first analyzed standing while ruling on a Motion for Partial Summary Judgment [111], the Court found that Full Service had standing because it claimed that it was injured by IHS' conduct, which enabled IHS to underbid Full Service due to the lower payroll costs. This Court determined that Full Service therefore had alleged an injury that was fairly traceable to IHS' conduct. Furthermore, the Court found that Full Service's injury would likely be redressed by a decision that IHS misclassified its employees. However, standing is a jurisdictional requirement, and this Court has a continuing duty to evaluate jurisdiction. *Doe v. Tangipahoa Parish Sch. Bd.*, 494 F.3d 494, 496 n.1 (5th Cir. 2007); *Warren v. United States*, 874 F.2d 280, 281-82 (5th Cir. 1989)).

The Court's initial determination concerning standing was made during summary judgment proceedings and concerned several claims for compensatory damages and other relief pertaining to conduct that occurred in both Mississippi and Louisiana. As explained previously,

Full Service settled and/or dismissed all of its claims against IHS, except its claim for declaratory judgment and its LUTPA claim concerning Louisiana properties. The jury determined that IHS was entitled to a judgment in its favor regarding the LUTPA claim. Thus, the only claim that remains is a claim for declaratory judgment concerning Louisiana properties.

"A plaintiff can meet the standing requirements when suit is brought under the Declaratory Judgment Act, 28 U.S.C. §2201-2202, by establishing 'actual present harm or a significant possibility of future harm . . . even though the injury-in-fact has not yet been completed." *Bauer v. Texas*, 341 F.3d 352, 357 (5th Cir. 2003). The Declaratory Judgment Act requires an "actual controversy" between the parties to the declaratory judgment action at all stages of a lawsuit. 28 U.S.C. § 2201(a); *Bauer*, 341 F.3d at 358. This requirement is identical to the "case or controversy" requirement under Article III. *Id.*

In order to demonstrate Article III standing to assert a declaratory judgment claim, the "plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *Id.* Furthermore, there must be a substantial and continuing controversy between the parties that is real and immediate and creates a definite threat of future injury. *Id.* A contingent, conjectural, or hypothetical controversy is insufficient. *Id.*

At trial, Full Service produced evidence that it had competed with IHS for two contracts in Louisiana at the very most, and only claimed damages with regard to the loss of one of those contracts. Based on this evidence, the jury determined that IHS and Full Service are competitors but found that IHS did not violate LUTPA and thus it owed no monetary damages. The evidence of past competition between these parties presented at trial was so minimal that it is speculative that the parties will compete for future contracts in Louisiana. In addition, there is no evidence

that Full Service and IHS are presently competing for Louisiana contracts or will be competing for contracts in the future. Therefore, there is no evidence of actual present harm or a significant possibility of future harm. As a result, the Court finds that Full Service does not have standing to obtain a declaratory judgment. Nevertheless, even if Full Service did have standing to obtain a declaratory judgment, the Court finds that a declaratory judgment would otherwise be improper in this case and exercises its discretion to reject the claim for a declaratory judgment.

## II. WHETHER RELIEF CAN BE GRANTED TO FULL SERVICE UNDER THE DECLARATORY JUDGMENT ACT

"Generally, the decision to grant declaratory relief is statutorily committed to the district court's discretion, even where the suit would otherwise meet the requirements of subject matter jurisdiction." *Venator Grp. Specialty, Inc. v. Matthew/Muniot Family, LLC*, 322 F.3d 835, 838 (5th Cir. 2003). The Court finds that a declaratory judgment would serve no purpose in this lawsuit. If this Court were to declare that IHS unlawfully classified its employees as independent contractors in the past, the declaration would not affect any continuing or future controversy among the parties or provide any relief to Full Service. Furthermore, this Court could not declare that IHS will in the future violate the law if it classifies its employees as independent contractors, because the determination of whether a worker is an employee or an independent contractor is a fact-specific determination that hinges on the way a company treats its workers. Thus, IHS could alter the way it treats its future workers to such an extent that it would be proper to classify them as independent contractors. A declaration concerning the status of a large group of future workers would therefore be inappropriate. *See Proa v. NRT Mid Atl., Inc.*, 477 F. Supp. 2d 677, 680 FN* (D. Md. 2007). Finally, such a declaration would also be improper, because this Court

cannot make a declaration that is merely an opinion advising what the law would be upon a hypothetical set of facts. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). For all of these reasons, this Court declines to exercise its discretion to grant a declaratory judgment in this case, even if this Court has jurisdiction over the claim.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Strike Full Service's claim for declaratory judgment [265] filed by IHS is **GRANTED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the declaratory judgment claim filed by the plaintiff, Full Service Systems Corporation, is hereby **DISMISSED**. The Court will enter a judgment in favor of IHS in accordance with this Memorandum Opinion and Order and the jury's verdict.

**SO ORDERED AND ADJUDGED** this the 30th day of August, 2010.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE